UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| HEZEKIAH ESAU BAKER, | Case No. 2:24-cv-02084-GMN-EJY |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| OPCO LLC, d/b/a JC PENNY; JC PENNY ASSOCIATE #0251; ALAN CARR; STEVEN PANAGAS; MARC ROSEN; STEPHANIE PLAINES; JCP STORE MANAGER NO. 1794, | |
| Defendants. | |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. A review of Plaintiff's IFP application demonstrates he is unable to pay the filing fee associated with commencing a civil action. Plaintiff's application is therefore granted.

District courts screen complaints brought by plaintiffs seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff's Complaint never clearly identifies a cause of action. Plaintiff appears to allege he was shopping at the Meadows Mall, located in Las Vegas, Nevada, and was ultimately apprehended by JC Penny security personnel for shoplifting. Despite the Civil Cover Sheet identifying 31 U.S.C. § 3729 (the False Claim Act), Plaintiff fails to state this claim in his Complaint. A claim under the False Claims Act must not only be plausible, Fed. R. Civ. P. 8(a), but must also be pleaded with particularity under Rule 9(b). *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011). The False Claims Act makes liable anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A), (B). A "claim" includes direct requests for government payment as well as reimbursement requests made to the recipients of federal funds under a federal benefits program. 31 U.S.C. § 3729(b)(2)(A); *Universal Health Servs., Inc. v. United States (Escobar)*, 136 S.Ct. 1989, 1996 (2016). A claim under the False Claims Act requires a showing of "(1) a false statement or fraudulent course of conduct, (2) made with the scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1174 (9th Cir. 2006). It is not enough to allege regulatory violations. *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir. 1996). Rather, the false claim or statement must be the "*sine qua non* of receipt of state funding." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). Here, Plaintiff states none of the elements of a False Claim Act let alone such a claim with particularity.

Plaintiff also does not state a claim under 18 USC § 1341. The same is true for 18 U.S.C. § 1343 and 18 U.S.C. § 1365. Congress enacted 18 U.S.C. § 1341, a federal criminal statute, to prevent people from using the U.S. Postal Service to carry out fraudulent schemes. *Parr v. United States*, 363 U.S. 370, 389 (1960). 18 U.S.C. § 1343 is a federal criminal wire fraud statute. 18 U.S.C. § 1365 criminalizes tampering with consumer products. Private individuals cannot raise claims under criminal statutes. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316-17 (1979). Plaintiff has not shown that Congress intended to create private rights of action under any of these criminal statutes. Thus, Plaintiff's claims fail as a matter of law.

1    Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma*
2    *pauperis* (ECF No. 1) is GRANTED.

3    IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED
4    without prejudice and with one opportunity to amend. If Plaintiff chooses to file an amended
5    complaint he must do so no later than **December 6, 2024**. Plaintiff's filing must be titled "Amended
6    Complaint" and must include a clear and concise set of facts establishing which defendant engaged
7    in what conduct that violated a federal law or constitutional violation in Nevada such that this Court
8    may exercise jurisdiction over the claim. Plaintiff is advised not to rely on criminal statutes as they
9    do not, generally, create private rights of action.

10   IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a
11   recommendation that this matter be dismissed in its entirety.

12   Dated this 12th day of November, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE