UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HEZEKIAH ESAU BAKER,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>OPCO LLC, d/b/a JC PENNEY, *et al.*,<br><br>　　　　　　Defendants. | Case No.: 2:24-cv-02084-GMN-EJY<br><br>**ORDER REJECTING R&R** |

Pending before the Court is the Report and Recommendation ("R&R") by Magistrate Judge Youchah, (ECF No. 7), recommending that this matter be dismissed without prejudice because Plaintiff's Amended Complaint (ECF No. 6) fails to state a basis for federal jurisdiction. Plaintiff Hezekiah Esau Baker filed an Affirmation, (ECF No. 8), which the Court construes as an Objection. For the reasons discussed below, the Court **REJECTS** Magistrate Judge Youchah's R&R.

**I.　BACKGROUND**

This case arises from Plaintiff's detention in a retail store owned and operated by Defendant. In October 2024, Plaintiff was detained for suspected larceny when an employee at a JCPenney owned and operated by Defendant allegedly failed to remove a security tag from an item he purchased. (*See generally* Second Amend. Compl. ("SAC"), ECF No. 6). Shortly thereafter, Plaintiff filed his first lawsuit, Case No. 24-cv-02084-GMN-EJY, and Magistrate Judge Youchah entered the pending R&R recommending that the case be dismissed without prejudice. Plaintiff subsequently filed an Affirmation objecting to dismissal. (*See generally*, Affirmation, ECF No. 8). While the R&R was pending, Plaintiff filed another lawsuit, Case No. 2:25-cv-00230-RFB-MDC, in the District of Nevada alleging identical allegations as his first lawsuit. Because of the similarities between the two cases, Case No. 2:25-cv-00230-RFB-

1  MDC was transferred to this Court and they were consolidated into one action. (*See generally*
2  Consolidation Order, ECF No. 10). The Court now makes a *de novo* determination of the
3  pending R&R.

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

## III. DISCUSSION

Magistrate Judge Youchah screened Plaintiff's FAC, (ECF No. 6), and recommends that this matter be dismissed without prejudice because Plaintiff's FAC fails to state a basis for federal jurisdiction. (*See generally* R&R, ECF No. 7). Federal courts, unlike state courts, are courts of limited jurisdiction which can only adjudicate those cases which the United States Constitution or Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Congress has only authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331 or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332. A party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1282 (9th Cir. 1977). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); Fed. R. Civ. P. 12(h)(3).

1    The Magistrate Judge correctly explains that "Plaintiff's claims, reasonably interpreted as negligence by [Defendant] and either intentional or negligent infliction of emotional distress arise under Nevada state law, not federal law." (R&R 2:19–20); *see Crain v. Petrushkin*, Case No. 2:13-cv-1732-JCM (CWH), 2014 WL 6680600, at *3 (D. Nev. Nov. 25, 2014) ("Intentional infliction of emotional distress is a state law claim."); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) (explaining that negligence is a state law claim). Thus, the Magistrate Judge is correct that the Court does not have federal question jurisdiction.

But the Magistrate Judge does not address whether the Court has diversity jurisdiction. In Plaintiff's Affirmation, he argues that the Court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000 therefore allowing his state law claim to move forward. Indeed, Plaintiff's FAC alleges that he is a citizen of Nevada, and that Defendant is a citizen of Texas so complete diversity exists. (FAC at 2). Moreover, Plaintiff alleges over $800,000 in damages for the described injury of "humiliation, . . . emotional distress, . . . intense feelings of embarrassment, shame, anxiety, and depression." (*Id.* at 3). Thus, at this stage of the proceedings, it is not apparent that the Court lacks subject matter jurisdiction over the case.

///
///
///
///
///
///
///
///
///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the R&R, (ECF No. 7), is **REJECTED**.

**IT IS FURTHER ORDERED** that because Case No. 2:25-cv-00230-RFB-MDC was consolidated into this action, Plaintiff shall have 21 days to file a Second Amended Complaint to serve as the operative complaint in this consolidated action.

Upon the filing of Plaintiff's Second Amended Complaint, the Court **REFERS** the Magistrate Judge to conduct a screening of it.

**DATED** this __5__ day of March, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court