UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HEZEKIAH ESAU BAKER, | Case No. 2:24-cv-02084-GMN-EJY |
| Plaintiff, | **ORDER**<br>And |
| v. | **REPORT AND RECOMMENDATION** |
| PENNY OPCO, LLC | **Re: Third Amended Complaint** |
| Defendants. | **(ECF No. 16)** |

Pending before the Court is Plaintiff's Third Amended Complaint ("TAC").  ECF No. 16.
The Court screens the TAC and finds as follows.

**I.      Screening Standard**

In its review, the Court must identify any cognizable claims and dismiss any claims that are
frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief
from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d
696, 699 (9th Cir. 1988).  A federal court must dismiss a claim if the action "is frivolous or
malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against
a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  The standard for dismissing
a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6).
Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by
lawyers.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  However, all or part of a complaint may still be
dismissed if the plaintiff's claims lack an arguable basis either in law or in fact.  This includes claims
based on legal conclusions that are untenable (e.g., claims against defendants who are immune from
suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based
on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *Neitzke v. Williams*, 490 U.S.
319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    Discussion

In the TAC, Plaintiff lists five causes of action against Defendant Penny OpCo ("Defendant").  ECF No. 16.  Construing these causes of action and the TAC liberally as the Court must, the Court finds: (1) the First and Fifth Causes of Action appear to assert a general negligence claim; (2) the Second, Third, and Fourth Causes of Action, to the extent they are decipherable, appear to assert a failure by Defendant to respond to Plaintiff's submission of a consumer complaint and what may have been an attempt to settle his claims; and (3) the facts of the TAC appear to assert negligent infliction of emotional distress ("NIED") and fraudulent concealment claims.

### A.    The General Negligence Claim.

Collectively, Plaintiff's First and Fifth Causes of Action asserts (sometimes repeatedly) that Defendant had a duty to properly process sales transactions, Defendant breached that duty when it failed to exercise reasonable care to remove a security device from an item sold to Plaintiff causing an alarm activation, and the result of Defendant's breach of duty caused Plaintiff psychological harm and "related symptoms."  To prevail on a general claim of negligence, a plaintiff must establish four elements: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal-Mart Stores*, *Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).  The above summary of Plaintiff's pleading are sufficient to state this claim that, while based on thin facts, can proceed at least so far to allow Defendant to be served and respond to the TAC.

### B.    Plaintiffs Second, Third, and Fourth Causes of Action.

In various difficult to decipher sentences, Plaintiff's Second, Third, and Fourth Causes of Action appear to assert that after Plaintiff submitted a consumer complaint, which may have included a settlement demand or offer, through an on-line link or website provided by Defendant, Defendant failed to respond.  Plaintiff identifies no legally cognizable claim in these causes of action and the Court could identify none that would arise from Plaintiff's allegations.  Accordingly, the Court recommends Plaintiff's Second, Third, and Fourth Causes of Action be dismissed with prejudice.

### C.    Negligent Infliction of Emotional Distress.

To state an NIED claim, a plaintiff must show the defendant acted negligently (i.e. breached a duty owed to plaintiff) and "either a physical impact ... or, in the absence of physical impact, proof

2

of 'serious emotional distress' causing physical injury or illness." *Barmettler v. Reno Air Inc.*, 956 P.2d 1382, 1387 (Nev. 1998). *See also Olivero v. Lowe*, 995 P.2d 1023, 1026 (Nev. 2000) ("[I]n cases where emotional distress damages are not secondary to physical injuries … either a physical impact must have occurred or, in the absence of physical impact, proof of serious emotional distress causing physical injury or illness must be presented.") (internal quotations omitted).

Here, in addition to claiming that Defendant's employee negligently failed to remove a security device, Plaintiff alleges he was detained by store security resulting in embarrassment and emotional distress. ECF No. 16 at 2, 4. In the course of asserting these facts, Plaintiff cites NRS 193.018 defining negligence applicable to criminal statutes.

The Court finds Plaintiff's allegations fail to state an NIED claim. While *pro se* litigants are entitled to liberal review of pleadings, the Court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff emphasizes how the incident caused him "psychological injury" and "triggered past trauma and emotional harm," but he never alleges a physical impact; nor does he allege serious emotional distress causing physical injury or illness. ECF No. 16, *generally*. Plaintiff's allegations of psychological injury and emotional harm are insufficient to state the physical manifestation of serious emotional distress required for an NIED claim. *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993) ("[i]nsomnia and general physical or emotional discomfort are insufficient to satisfy the physical impact requirement" for an NIED claim); *Sadler v. PacifiCare of Nevada, Inc.*, 340 P.3d 1264, 1268 (Nev. 2014) ("a plaintiff alleging negligent infliction of emotional distress [must] demonstrate some physical impact beyond conditions such as insomnia or general discomfort") (internal quotation marks omitted); *Betsinger v. D.R. Horton, Inc.*, 232 P.3d 433, 436 (Nev. 2010) ("we cannot conclude that a claim for emotional distress damages resulting from deceptive trade practices in connection with a failed real estate and lending transaction should be exempted from the physical manifestation requirement."). *See also Ferm v. McCarty*, Case No. 2:12-cv-00782-RFB-PAL, 2014 WL 6983234, at *8 (D. Nev. Dec. 9, 2014) (concluding that the plaintiff failed to show an adequate physical manifestation of emotional distress where generally asserted he suffered from "depression, nervousness, grief, anxiety, insomnia, and other forms of emotional harm").

This is Plaintiff's fourth attempt to plead causes of action that survive screening. *See* ECF Nos. 1-1, 3, 6, 7, 13, 15. Allowing Plaintiff to plead a fifth time is not called for in these circumstances. *See Burnett v. Englehorn*, 210 F.3d 381 (9th Cir. 2000). Thus, to the extent Plaintiff seeks to assert an NIED cause of action, the Court recommends dismissing this claim with prejudice.

      D.    <u>Fraudulent Concealment</u>.

Part of Plaintiff's factual allegations seem to relate to a claim of fraudulent concealment. Under Nevada common law, fraudulent concealment requires Plaintiff to plead that Defendant concealed or suppressed a material fact that Defendant had a duty to disclose to Plaintiff; Defendant acted intentionally to conceal or suppress the fact with the intent to defraud Plaintiff thereby inducing him to act differently than he would have if he had known the true facts; Plaintiff was unaware of the true fact and would have acted differently if he had known of the concealed or suppressed fact; and, as a result of the concealment or suppression of the fact, Plaintiff sustained damages. *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998).

Here, Plaintiff alleges Defendant "intentionally placed the security device" in a manner to conceal a green stain on the pants he purchased. ECF No. 16 at 3. However, Plaintiff also states that removing the security device that revealed the green stain would not "have made any difference" to him because he "still would have completed the purchase" based on the price of the pants. *Id.* at 4. Thus, Plaintiff pleads the antithesis of acting differently had he known the real facts allegedly concealed or suppressed. For this reason, as well as the numerous opportunities Plaintiff has had to plead his claims, the Court recommends Plaintiff's attempt to state a fraudulent concealment claim fails as a matter of law and should be dismissed.

## III.    Order

IT IS HEREBY ORDERED that Plaintiff's general negligence claim against Defendant may proceed.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff one USM-285 form, which Plaintiff must complete to the best of his ability and return to the U.S. Marshal Service **no later than July 3, 2025**, at the following address:

Marshal Schofield
U.S. Marshal, District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. S., Suite 2058
Las Vegas, Nevada 89101

Plaintiff is advised to review the Nevada Secretary of State Business Entity Search website for Defendant's registered agent upon whom service of his Third Amended Complaint must be served.

IT IS FURTHER ORDERED that the Clerk of Court is to issue a summons for Defendant and deliver the same, together with one copy of Plaintiff's Third Amended Complaint (ECF No. 16) and a copy of this Order to the U.S. Marshal Service for service on Defendant.

IT IS FURTHER ORDERED that the U.S. Marshal Service must attempt service on Defendant no later than twenty-one (21) days after it receives the USM-285 from Plaintiff, and the summons, Third Amended Complaint, and this Order from the Clerk of Court.

## IV.    Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's claims stating a failure to respond to a consumer complaint, negligent infliction of emotional distress, and fraudulent concealment claims be DISMISSED with prejudice.

Dated this 18th day of June, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit also holds that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).