UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HEZEKIAH ESAU BAKER,<br><br>Plaintiff,<br><br>v.<br><br>PENNY OPCO, LLC,<br><br>Defendant. | Case No. 2:24-cv-02084-GMN-EJY<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant's Rule 12(B)(6) Motion to Dismiss. ECF No. 21. The Motion to Dismiss was filed on August 4. 2025. The Court reviewed the Motion and Plaintiff's responsive document titled Affirmation in Support of Plaintiff's Motion Pursuant to FRCP 38 and Defendants [sic] Response to his Complaint. ECF No. 25.[1] Defendant's Motion seeks to dismiss Plaintiff's punitive damages claim because the only cause of action asserted by Plaintiff that survived screening is a general negligence claim that, according, to Defendant "does not provide for punitive damages …." ECF No. 21 at 3; *see also id*. at 4.

As explained most recently by the Nevada Supreme Court, "punitive damages is a remedy, not a separate cause of action." *Snodgrass v. Bango Oil, LLC*, 491 P.3d 735, 2021 WL 3140308, at * 4 (Nev. July 23, 2021) (unpublished) *citing Teva Parenteral Med., Inc. v. Eighth Judicial Dist. Court*, 481 P.3d 1232, 1242 (Nev. 2021) (punitive damages "derive[]" from an underlying cause of action), and 22 Am. Jur. 2d *Damages* § 567 (2021 update) ("[A]s a rule, there is no cause of action for punitive damages by itself; a punitive-damage claim is not a separate or independent cause of action." (footnote omitted)). Plaintiff says that his "Complaint sets forth causation for punitive damages within its proximate cause of injury section in its entirety." ECF No. 25 at 2. A review of Plaintiff's Third Amended Complaint (ECF No. 16) does not appear, on its face, to assert a separate punitive damages claim. Nonetheless, to the extent Plaintiff's intent is to assert a cause of action for punitive damages that claim may not proceed.

---

[1] The Court notes there is no other document filed by Plaintiff that is responsive to the Motion to Dismiss.

More importantly, Plaintiff does not respond to Defendant's argument that punitive damages are unavailable for claims based on the prohibitions established in NRS 42.007. ECF No. 21 at 5 *compare* ECF No. 25. NRS 42.007 states, in pertinent part, that when a party seeks punitive damages under NRS 42.005, such damages are not available "from an employer for the wrongful act of his or her employee, … unless: (a) The employer had advance knowledge that the employee was unfit for the purposes of the employment and employed the employee with a conscious disregard of the rights or safety of others; (b) The employer expressly authorized or ratified the wrongful act of the employee for which the damages are awarded; or (c) The employer is personally guilty of oppression, fraud or malice, express or implied."

Plaintiff fails to respond to address Defendant's argument that Plaintiff's Third Amended Complaint alleges no facts demonstrating (1) Defendant "is personally guilty of fraud, malice, or oppression," (2) "Defendant committed a 'negligent act of failing to remove [a] security device from [the] garment,'" (3) Defendant had "advance knowledge that any employee was unfit for employment, or that" (4) "Defendant acted with conscious disregard of the rights or safety of others." ECF No. 21 at 5 *compare* ECF No. 5. Plaintiff's failure to respond to these arguments constitutes consent to grant Defendant's Motion to Dismiss. LR 7-2(d) *cited in Lebsock v. General Motors*, Case No. 2:22-cv-01082-JAD-EJY, 2023 WL 7042568, at *2 and n.17 (D. Nev. Oct. 26, 2023). *See also Gudenavichene v. Mortgage Electronic Registration Systems, Inc.*, Case No. 2:12-cv-82 JCM (GWF), 2012 WL 1142868, at *3 (D. Nev. Apr. 4, 2021) ("plaintiff's opposition has failed to respond to any of the arguments raised in the motion to dismiss, and thus this court is constrained to grant the motion to dismiss"). Plaintiff's claim of general negligence proceeds and damages thereunder may be sought, but such damages cannot include an award of punitive damages.

### III.  Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's claim for punitive damages (ECF No. 21) is GRANTED.

Dated this 7th day of November, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also holds that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).